# Exhibit A

FILED
BULLOCH COUNTY CLERK'S OFFICE
May 7, 2015 @ 9:20 am
CLERK BULLOCH COUNTY
SUPERIOR COURT

IN THE SUPERIOR COURT OF BULLOCH COUNTY
STATE OF GEORGIA

JOEY ELLROD,

    Plaintiff,

v.      Civil Action No. SU15CV1267

UNITED OF OMAHA LIFE
INSURANCE COMPANY,

    Defendant.

### SUMMONS

TO THE ABOVE NAMED DEFENDANT: UNITED OF OMAHA LIFE INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

WESLEY C. TAULBEE
TAULBEE, RUSHING, SNIPES, MARSH & HODGIN, LLC
P. O. Box 327, 12 SIEBALD STREET
STATESBORO, GEORGIA 30459
(912) 764-9055

an answer to the Complaint which is hereby served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This 7 day of May, 2015.

Clerk of Bulloch County Superior Court

By: _____ Deputy Clerk

IN THE SUPERIOR COURT OF BULLOCH COUNTY
STATE OF GEORGIA

FILED
BULLOCH COUNTY
CLERK'S OFFICE

2015 MAY -7 AM 9:20

[signature]
CLERK OF COURT

JOEY ELLROD, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. SU15CV126
 )
UNITED OF OMAHA LIFE INSURANCE )
COMPANY, )
 )
    Defendant. )

## COMPLAINT

COMES NOW JOEY ELLROD, Plaintiff in the above styled action, and files this Complaint against Defendant UNITED OF OMAHA LIFE INSURANCE COMPANY showing the Court the following:

### PARTIES, JURISIDCTION AND VENUE

1.

Plaintiff Joey Ellrod ("Plaintiff") is a resident of Bulloch County, Georgia and brings this action for disability benefits under his policy with Defendant United of Omaha Life Insurance Company, policy number GUPR-0AP2R.

2.

Defendant United of Omaha Life Insurance Company ("Defendant") is a resident foreign corporation authorized to transact business in the state of Georgia with offices throughout Georgia and with its registered agent, Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

3.

Jurisdiction is proper in this Court as Defendant is a resident foreign corporation. Venue is proper in this Court pursuant to O.C.G.A. § 33-4-1(4) as this is an action to recover the proceeds of an insurance contract and Plaintiff maintains his legal residence in Bulloch County, Georgia.

### STATEMENT OF FACTS

4.

Plaintiff's coverage under the subject disability policy with Defendant, policy number GUPR-0AP2R, became effective on March 1, 2013 and remained in effect at all times relevant to this action.

5.

Beginning in February of 2013, Plaintiff began receiving treatment for left knee pain.

6.

Plaintiff continued treatment through mid-February, 2014, when he was diagnosed with endstage degenerative joint disease and advised to undergo a left knee replacement.

7.

Plaintiff underwent a left knee replacement procedure on February 19, 2014 as a result of his endstage degenerative joint disease.

8.

On February 19, 2014, Plaintiff filed a claim for disability benefits relating to his knee pain and knee replacement surgery pursuant to his disability policy with Defendant.

9.

On July 11, 2014, Defendant denied Plaintiff's claim on the grounds that his disability was due to a pre-existing condition.

10.

Plaintiff timely appealed Defendant's denial and submitted medical documentation proving that his surgery was necessitated by endstage degenerative joint disease, which was not a pre-existing condition under the terms of the policy.

11.

Despite medical evidence to the contrary, Defendant denied Plaintiff's appeal on September 18, 2014, thereby exhausting Plaintiff's administrative remedies.

12.

Upon information and belief, Defendant continued to receive on-going medical insurance and disability benefit payments from Plaintiff, which were not owed, for several months following the initiation of Plaintiff's disability.

13.

Via letter dated October 29, 2014, counsel for Plaintiff advised Defendant, pursuant to O.C.G.A. § 33-4-6, that Plaintiff intended to pursue a claim for bad faith refusal to pay his claim should Defendant continue to deny coverage.

14.

Defendant has continued to refuse to pay Plaintiff's claim in bad faith and in breach of the terms of the policy.

## COUNT ONE: DECLARATORY JUDGMENT

15.

Plaintiff hereby incorporates Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

16.

Plaintiff's coverage under the subject policy became effective on March 1, 2013 and remained in effect at all times relevant to this action.

17.

Plaintiff suffered a covered loss within the applicable period of coverage for which he was entitled to benefits from Defendant.

18.

Defendant has refused to pay benefits to Plaintiff as required by the policy despite demands from Plaintiff and his counsel and medical records indicating Plaintiff's entitlement to coverage.

19.

Plaintiff has and continues to incur damages as a result of Defendant's refusal to pay benefits as required under the policy.

20.

Plaintiff is entitled to an Order from this Court declaring the respective rights and responsibilities of the parties under the subject policy with respect to Plaintiff's disability claim.

## COUNT TWO: BAD FAITH REFUSAL TO PAY A CLAIM

21.

Plaintiff hereby incorporates Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22.

Plaintiff has incurred a loss which is covered by a policy of insurance issued by Defendant.

23.

Defendant has refused to pay the same within 60 days after a demand for payment was made by Plaintiff.

24.

Defendant's refusal to pay Plaintiff's claim was in bad faith.

25.

Pursuant to O.C.G.A. § 33-4-6, Defendant is liable to Plaintiff for the full value of his loss and, additionally, for up to 50 percent of Defendant's liability for said loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of this action against Defendant, the cumulative amount of which shall not exceed $74,999.99.

WHEREFORE, Plaintiff prays:

a. That process issue in terms of law requiring the Defendant to answer the above-styled lawsuit in a timely manner;

b. That Plaintiff have a trial by jury;

c. That Plaintiff have a judgment against the Defendant in an amount to be determined at trial for Plaintiff's damages as shown by the evidence to be presented to a jury at

-5-

trial and, additionally, for up to 50 percent of Defendant's liability for Plaintiff's loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of this action against Defendant, the cumulative amount of which shall not exceed $74,999.99; and

  e. That Plaintiff have such other and further relief as this Court deems equitable and appropriate.

  Respectfully submitted,

TAULBEE, RUSHING, SNIPES,
MARSH & HODGIN, LLC

_/s/ Wesley C. Taulbee_
WESLEY C. TAULBEE
Georgia Bar No. 368972
CHRISTOPHER R. GOHAGAN
Georgia Bar No. 313902
Attorneys for Plaintiff

Post Office Box 327
Statesboro, Georgia 30459
(912) 764-9055

## In The Superior Court of Bulloch County

Return of Service in the matter of:
Case Number: SU5CV124

Joey Ellrod,

 Plaintiff,

VS

United of Omaha Life Insurance Company

 Defendant.

Wesley C. Taulbee
Christopher R. Gohagan
Taulbee, Rushing, Snipes
Marsh & Hodgin, LLC
Post Office Box 327
12 Siebald Street
Statesboro, Georgia 30459
Plaintiff's Attorney

**NAME and ADDRESS of the PERSON TO BE SERVED**

United of Omaha Life Insurance Company
c/o Corporation Service Company, Registered Agent
40 Technical Pkwy South Suite 300
Norcross, GA 30092

### SHERIFF'S RETURN OF SERVICE

I do hereby certify that I am a duly sworn sheriff / deputy sheriff; that I have made a diligent search of the jurisdiction and report the result of that effort below, pursuant to OCGA 9-11-4.

I further certify that on the ____ day of _____, 2015, I did serve the Summons, Complaint, Interrogatories and Requests for Production of Documents on

_____

____ **PERSONAL SERVICE** I have this day served the Defendant, _____
_____, with a true copy of the within Summons, Complaint, Interrogatories and Requests for Production of Documents.

____ **RESIDENTIAL SERVICE** I have this day served the Defendant, _____
_____, with Sui Juris, a true copy of the within Summons, Complaint, Interrogatories and Requests for Production of Documents by serving same upon _____, a person, residing within the premises.

_X_ **CORPORATE SERVICE** I have this day served the Defendant _United if Omaha_
_Life Insurance Co._ a corporation, with a true copy of the within Summons, Complaint, Interrogatories and Requests for Production of Documents by handing the same in person to _Alisha Smith, RA_ officer of the corporation.

____ **TACKED AND MAILED SERVICE** I have this day executed the within Summons, Complaint, Interrogatories and Requests for Production of Documents by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true